IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,696-01 & WR-70,696-02






EX PARTE MARIO ALBERTO FLORES, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 200000D00797-409-1 & 990D04933-409-1 


IN THE 409TH JUDICIAL DISTRICT COURT

FROM EL PASO COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of driving while intoxicated, and received probated sentences on both charges. His probation was
later revoked, and he was sentenced to four years' imprisonment. 

 Applicant contends that he has been subject to a parole revocation warrant arising from these
two charges since January 8, 2008, that he has not been afforded a preliminary hearing or a
revocation hearing, and that he should have discharged his sentences in these causes on May 15,
2008. Applicant further alleges that the detainer is preventing him from making bail on a new charge
for which he was apparently arrested at the time the parole revocation warrant was executed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Morrissey v. Brewer, 408
U.S. 471, 484 (U.S. 1972). Although TDCJ is not required to dispose of parole revocation matters
until after any new charges have been disposed of, Applicant must be afforded a preliminary hearing
within a reasonable time, under Texas Government Code Section 508.2811, unless he waives the
preliminary hearing. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit stating whether and when any parole revocation warrants were issued and executed in
these two cases. The affidavit should state whether those pre-revocation warrants are still in effect,
and whether Applicant has been charged with a new offense. If Applicant has been charged with a
new offense, the affidavit should state the nature of the new charge, and should state whether
Applicant is represented by counsel in the new case. The affidavit should state whether Applicant
had been afforded a preliminary hearing, or has waived a preliminary hearing in these parole
revocation cases. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to how long Applicant has been held pursuant
to the pre-revocation warrant, and as to whether Applicant's parole has been revoked, or his
sentences in these cases discharged. If Applicant's parole has not been revoked or his sentences
discharged, the trial court shall make findings as to whether the pre-revocation warrant is still in
place. The trial court shall make findings as to whether Applicant is being held on new charges, and
if so, whether a pre-revocation warrant from these two cases is preventing Applicant from making
bail on the new charges. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 8, 2008

Do not publish